```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

JOHN SHEEHAN,

    Plaintiff,

v.                              Case No. 8:12-cv-2544-T-33TBM

WESTCARE FOUNDATION, INC.,

    Defendant.

_____/

### ORDER

This cause comes before the Court pursuant to Plaintiff John Sheehan's Motion to Remand (Doc. # 6), filed on November 22, 2012. Defendant Westcare Foundation, Inc. filed a response in opposition to the motion on December 4, 2012. (Doc. # 8). For the reasons that follow, the motion to remand is denied.

## I. Background

Plaintiff John Sheehan filed this case against his former employer Westcare Foundation, Inc. on October 22, 2012, in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. (Doc. # 2). The complaint alleges that Sheehan reported to Westcare's executives that "Westcare's accounting practices and financial records were not in compliance with the law and that this non-compliance needed to be reported to the appropriate agencies." Id. at ¶

47.  Sheehan alleges that as a result of his statements, he suffered adverse employment actions, including termination, in violation of Florida's Whistleblower Act, § 448.102 et seq. Id.

Westcare filed its Notice of Removal in this Court on November 8, 2012, on the basis of the Court's diversity jurisdiction. (Doc. # 1).  On January 16, 2013, the Court entered a Case Management and Scheduling Order which set the case for trial during the trial term beginning May 5, 2014. (Doc. # 10).  Sheehan's motion to remand the case to state court is now before the Court.

## II. Legal Standard

A defendant may remove a case filed in state court to federal court if "the district courts of the United States have original jurisdiction." Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citing 28 U.S.C. § 1441(a)).  Original jurisdiction may be established if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Id. (citing 28 U.S.C. § 1332(a)(1)). In removal cases, the burden of proving any jurisdictional fact rests upon the defendant. Id.

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe

removal statutes strictly." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). A defendant's burden of proof is therefore a heavy one. Id.

In determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal. Pease, 6 F. Supp. 2d at 1356. Where a plaintiff has made an unspecified demand for damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)). In these cases, removal is proper if the jurisidictional amount is clear and unambiguous from the face of, or readily deducible from, the removing documents. Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007).

However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Factual allegations supported by evidence can be "combined with reasonable

deductions, reasonable inferences, or other reasonable extrapolations." Id. Furthermore, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010).

III. **Analysis**

Sheehan does not dispute that diversity of citizenship exists among the parties.[1] (Doc. # 6 at ¶ 2). Rather, Sheehan argues that Westcare fails to demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs. Id. at ¶ 3.

Sheehan's complaint alleges only that the amount in controversy exceeds $15,000. (Doc. # 2 at ¶ 41). However, Sheehan requests the Court "to award all damages that are just and reasonable including a mandatory injunction reinstating Sheehan with back pay pending the outcome of a trial on the merits." Id. at 10-11. Westcare contends that a calculation of the amount of back pay alone exceeds the jurisdictional threshold. Along with the Notice of Removal, Westcare filed

---

[1] The Notice of Removal states that Sheehan is a Florida resident, while Westcare is incorporated and has its principal place of business in Nevada, such that diversity of citizenship exists. (Doc. # 1 at ¶¶ 5-6).

the affidavit of its general counsel, James Hanna, in which he states that Sheehan's back pay damages alone, based on Sheehan's annual salary of $200,000, will total approximately $83,000 in just five months from the date of his termination. (Doc. # 1-2). In response, Sheehan argues that the amount of back pay should be calculated only through the date of removal, resulting in a total of only $17,500. (Doc. # 6 at 3).

The Court agrees with Westcare that "back pay for purposes of the amount in controversy requirement should be calculated to the date of trial." Fusco v. Victoria's Secret Stores, LLC, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011). See, e.g., Hendry v. Tampa Ship, LLC, No. 8:10-cv-1849, 2011 WL 398042, at *2 (M.D. Fla. Feb. 4, 2011)("Back pay is generally calculated from the date of the adverse employment action to the date of judgment."); Cashman v. Host Intern., Inc., No. 8:10-cv-1197, 2010 WL 4659399, at *1 (M.D. Fla. Nov. 9, 2010)(same).

Sheehan does not contest Mr. Hanna's assertion that Sheehan's salary totaled at least $200,000 per year, and in fact, has filed his own affidavit stating that his annual base salary totaled $207,000 per year, making his gross monthly salary approximately $17,250. (Doc. # 6-1 at ¶ 2). Thus,

-5-

using Sheehan's proferred numbers, assuming for purposes of this analysis a trial date of May 5, 2014, and calculating from the date of Sheehan's termination on October 22, 2012, Sheehan's back pay claim totals approximately $319,125.00, which clearly exceeds the jurisdictional threshold.

However, Sheehan argues that by considering the amount of back pay accrued between the date of removal and the estimated trial date, the Court would be engaging in impermissible speculation prohibited under Lowery. The court in Cashman, 2010 WL 4659399, at *2, considered this same issue and ruled as follows:

> [I]n Pretka, the Eleventh Circuit clarified that Lowery was a "fact-free" case, in which there was no "concrete information" regarding the value of the claims. "But Lowery did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible." Here, [defendant] has provided uncontroverted concrete information which supports its calculation of the amount in controversy at the time of removal. Consideration of the additional back pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation. It is, instead, extrapolation of the submitted evidence, which is permitted under Pretka.

Id. at *2 (quoting Pretka, 608 F.3d at 752-53).

The Court agrees with the reasoning in Cashman and, accordingly, rejects Sheehan's argument that the amount of

-6-

back pay damages in this case are impermissibly speculative.

Sheehan also argues that Westcare's calculations fail to take into account potential mitigation of damages because "[i]f Plaintiff found another job tomorrow, his loss wages claim might cease." (Doc. # 6 at 3). It is true that "most courts consider mitigation when calculating back pay if the plaintiff submits affidavits or other evidence specifying the amount of mitigation." Fusco, 806 F. Supp. 2d at 1244. However, Sheehan has not provided any such evidence establishing that mitigation of his back pay damages has occurred. Rather, Sheehan's affidavit states that, although he is seeking employment and the possibility of future employment exists, he "do[es]n't know if and when [he] will find employment." (Doc. # 6-1 at ¶ 4). Accordingly, the Court finds that Sheehan has not met his burden of proving that any mitigation of damages has occurred. Based on Westcare's uncontroverted evidence which supports its calculation of the amount in controversy, the Court finds that Westcare has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff John Sheehan's Motion to Remand (Doc. # 6) is

-7-

**DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of January, 2013.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record